11-1024-ag
Khutsishvili v. Holder

BIA
Hom, IJ
A096 021 873

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 22nd day of February, two thousand twelve.

PRESENT:
> JON O. NEWMAN,
> JOSÉ A. CABRANES,
> BARRINGTON D. PARKER,
> > Circuit Judges.

_____

MARIAM KHUTSISHVILI,
> *Petitioner*,

> v.                                          11-1024-ag
>                                             NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent*.

_____

FOR PETITIONER:          H. Raymond Fasano, New York, New York.

FOR RESPONDENT:          Tony West, Assistant Attorney General; James A. Hunolt, Senior Litigation Counsel; Jesse Lloyd Busen, Trial Attorney, Office of

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Mariam Khutsishvili, a native and citizen of Georgia, seeks review of a February 17, 2011, decision of the BIA denying her motion to reopen based on changed country conditions, and affirming the March 9, 2010, decision of an Immigration Judge ("IJ") denying her motion to rescind her in absentia removal order. In re Mariam Khutsishvili, No. A096 021 873 (B.I.A. Feb. 17, 2011), aff'g No. A096 021 873 (Immig. Ct. N.Y. City Mar. 9, 2010). We assume the parties' familiarity with the underlying facts and procedural history of this case.

Khutsishvili challenges only the BIA's denial, as untimely, of her motion to reopen to apply for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We review the BIA's denial of Khutsishvili's motion to reopen for abuse of discretion. Ali v. Gonzales, 448 F.3d 515, 517 (2d Cir. 2006). When, as

here, the BIA considers relevant evidence of country conditions in evaluating a motion to reopen, we review the BIA's factual findings under the substantial evidence standard. See Jian Hui Shao v. Mukasey, 546 F.3d 138, 169 (2d Cir. 2008).

An alien may file only one motion to reopen and must do so within 90 days of the agency's final administrative decision. 8 U.S.C. § 1229a(c)(7)(A),(C); 8 C.F.R. § 1003.2(c)(2). Although Khutsishvili's motion was indisputably untimely because it was filed more than six years after the IJ issued the removal order, see 8 U.S.C. § 1229a(c)(7)(C)(i), there is no time limitation for filing a motion to reopen to apply or reapply for asylum if it is "based on changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding." 8 U.S.C. § 1229a(c)(7)(C)(ii); see also 8 C.F.R. § 1003.2(c)(3)(ii).

We find no abuse of discretion in the BIA's denial of the motion as untimely. As an initial matter, the BIA properly examined whether country conditions had changed

3

between the time of the Khutsishvili's initial proceedings in 2003 and the submission of her motion to reopen in 2009. See Matter of S-Y-G-, 24 I&N Dec. 247, 253 (BIA 2007) ("[I]n determining whether evidence accompanying a motion to reopen demonstrates a material change in country conditions that would justify reopening, [the BIA] compare[s] the evidence of country conditions submitted with the motion to those that existed at the time of the merits hearing below"). Moreover, the BIA did not abuse its discretion in finding that Khutsishvili failed to establish a material change in conditions in Georgia, as she failed to submit any evidence in support of her motion describing Georgia's treatment of Jehovah's Witnesses at the time of her 2003 proceedings. See Matter of S-Y-G-, 24 I&N Dec. at 253. Indeed, while Khutsishvili submitted a 2009 State Department report evaluating the status of religious freedom in Georgia and two newspaper articles from 2009 describing incidents of violence against Jehovah's Witnesses in Georgia, she did not submit any reports or articles that described the Georgian government's treatment of religious minorities, generally, or Jehovah's Witnesses, specifically, prior to 2009.

4

Furthermore, the BIA reasonably concluded that Khutsishvili had not established a material change in country conditions because the evidence in the record, the 2009 U.S. Department of State International Religious Freedom Report for Georgia ("2009 Country Report"), indicated that "Jehovah's Witnesses no longer considered it necessary to hold services in private homes for security reasons," and "Jehovah's Witnesses' leaders reported that harassment at school of their children's faith decreased significantly during the reporting period." See 8 U.S.C. § 1229a(c)(7)(C)(ii); see also 8 C.F.R. § 1003.2(c)(3)(ii). Although Khutsishvili argues that the BIA erred by relying exclusively on the positive statements in the report to find no material change in conditions in Georgia, a reasonable fact-finder would not be compelled to conclude that the BIA ignored any negative findings, as the BIA expressly acknowledged that the report indicated that "problems exist[ed] for minority religious groups, including Jehovah's Witnesses."  See Jian Hui Shao, 546 F.3d at 169 (noting that the BIA does not need to expressly parse or refute every piece of evidence submitted by the petitioner); Xiao Ji Chen v. U.S. Dep't of Justice, 471 F.3d 315, 337 n.17 (2d Cir. 2006) (noting that this Court will "presume that [the BIA]

has taken into account all the evidence before [it], unless the record compellingly suggests otherwise"); see also Siewe v. Gonzales, 480 F.3d 160, 167 (2d Cir. 2007) ("[W]here there are two permissible views of the evidence, the fact finder's choice between them cannot be clearly erroneous."). Finally, although the two newspaper articles Khutsishvili submitted described some incidents of violence directed at Jehovah's Witnesses in Georgia, the BIA did not err in finding that Khutsishvili's evidence, "on the whole," did not sufficiently establish a material change in country conditions, as the 2009 Country Report indicated that minority religious groups in Georgia, including Jehovah's witnesses, "expressed satisfaction with [the government's] commitment to protecting religious freedom."  See Siewe, 480 F.3d at 167.

Because the record does not suggest that the BIA ignored any evidence, and because substantial evidence supports the BIA's conclusion that Khutsishvili failed to establish changed country conditions in Georgia, the BIA did not abuse its discretion in denying her 2010 motion to reopen as untimely.  See 8 U.S.C. § 1229a(c)(7)(C); 8 C.F.R. § 1003.2(c)(2), (c)(3)(ii).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk